No. 23-2355

In the United States Court of Appeals
for the Eighth Circuit

United States of America,
Plaintiff-Appellee,

vs.

Henry Dailey,
Defendant-Appellant

On Direct Appeal from the
United States District Court
for the Western District of Missouri
Case No. 4:16-CR-00337-SRB

Brief of Appellant Henry Dailey

Ronald Nguyen
Law Office of Ronald Nguyen, LLC
4049 Pennsylvania Avenue
Suite 201
Kansas City, MO 64111
(816) 237-0808 Telephone
(816) 944-3449 Fax
Ron@RonNguyenLaw.com

Attorney for Appellant
Henry Dailey

# SUMMARY OF THE CASE

Mr. Henry Dailey pled guilty to Interstate Transportation for Prostitution, carrying a mandatory minimum sentence of 5 years imprisonment. Mr. Dailey guidelines sentencing range was 37 to 46 months imprisonment and 5 years to Life supervised release. Pursuant to the plea agreement the parties agreed to a binding range of 72 to 84 months imprisonment. Mr. Dailey was sentenced to 84 months imprisonment with a 10-year supervised release.

Revocation of Supervised Release was subsequently sought. Mr. Dailey admitted guilt to partial violations. Mr. Dailey guidelines sentencing range was 6 to 12 months. Mr. Dailey was sentenced to 12 months imprisonment with a 20-year supervised release.

Mr. Dailey claims that the district court abused its discretion by issuing a substantively unreasonable sentence of doubling the supervised release without a new crime. Also, Mr. Dailey claims that the district court violated procedure by citing alleged crimes that were not stipulated to committing, evidence was not brought forth by the Government, nor was Mr. Dailey afforded the opportunity to defend. Mr. Dailey requests 10 minutes of oral argument to discuss these issues.

# TABLE OF CONTENTS

Summary of the Case ..................................................................................... i

Table of Contents ......................................................................................... ii

Table of Authorities ................................................................................... iii

Jurisdictional Statement .............................................................................. 1

Statement of the Issues ............................................................................... 2

Statement of the Case ................................................................................. 3

Summary of the Argument ......................................................................... 7

Standard of Review ..................................................................................... 8

Argument ..................................................................................................... 9

Conclusion ................................................................................................. 14

Certificate of Compliance ......................................................................... 15

Certificate of Service ................................................................................ 15

Addendum: Email ................................................................................ Tab A

# TABLE OF AUTHORITIES

**Cases**

United States v. Denton, 434 F. 3d 1104 (8th Cir. 2006)...................... 2, 7

United States v. Feemster, 572 F.3d 455 (8th Cir. 2009)................ 2, 7, 12

United States v. Lee, 897 F.3d 870 (7th Cir. 2018) ...................................7

United States v. Smith, 949 F.3d 60 (2d Cir. 2020) ...................................7

**Statutes**

18 U.S.C. § 3231.......................................................................................1

18 U.S.C. § 3553(a).............................................................................2, 8-10

18 U.S.C. § 3583(e)...................................................................................8

28 U.S.C. §1291........................................................................................1

**Other**

U.S. Sentencing Guidelines Ch. 7 Pt. A.................................................2, 8

U.S. Sentencing Guidelines § 7B1.3……………………………………..8

# JURISDICTIONAL STATEMENT

Mr. Henry Dailey was convicted of one count of Interstate Transportation for Prostitution in violation of 18 U.S.C. Sections 2421. Jurisdiction in the district court was based on 18 U.S.C. § 3231, as he was charged with an offense against the laws of the United States. On April 11, 2018, the district court sentenced Mr. Dailey and issued the Judgment. While on Supervised Release, Revocation of Supervised Release was subsequently sought. On May 25, 2023, the district court sentenced Mr. Dailey and issued the Judgment.

Mr. Dailey filed a timely notice of appeal through counsel on June 5, 2023. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1291, which provides for jurisdiction over appeals from all final decision of district courts of the United States.

# STATEMENT OF THE ISSUES

I. The district court abused its discretion and impartiality by imposing a substantively unreasonable supervised release sentence of 240 months where Mr. Dailey's supervised release, prior to the Revocation of Supervised release was 120 months and the violation to which Mr. Dailey admitted to were not new crimes and only amounted to a Grade C violation.

   United States v. Feemster, 572 F.3d 455 (8th Cir. 2009)
   United States v. Denton, 434 F. 3d 1104 (8th Cir. 2006)

   18 U.S.C. Section 3553

   U.S. Sentencing Guidelines Ch. 7 Pt. A

II. The district court violated procedure by citing actions that were not stipulated to, nor was Mr. Dailey afforded the opportunity to defend the allegations.

   United States v. Feemster, 572 F.3d 455 (8th Cir. 2009)

Appellate Case: 23-2355    Page: 6    Date Filed: 08/25/2023 Entry ID: 5310283

## STATEMENT OF THE CASE

Mr. Henry Dailey pled guilty to Interstate Transportation for Prostitution in violation of 18 U.S.C. Sections 2421. (R. Doc 40). Mr. Dailey pled with a plea agreement with the government. (R. Doc 45). According to the Presentence Investigation Report (PSR), Mr. Dailey guidelines sentencing range was 37 to 46 months imprisonment and 5 years to Life supervised release, however, pursuant to the plea agreement the parties agreed to a binding range of 72 to 84 months imprisonment. The plea agreement was accepted, and Mr. Dailey was sentenced to 84 months imprisonment with a 10-year supervised release. (Sent. Tr., p. 23-25).

A violation report was filed. (R. Doc. 92). A Preliminary Revocation of Supervised Release hearing was subsequently held based on a violation report, dated March 31, 2023. (R. Doc. 98). The Court found probable cause established for a Final Hearing regarding Revocation of Supervised Release.

On May 25, 2023, a Final Hearing regarding Revocation of Supervised Release was held. (R. Doc. 102). An agreement, outlined in an email between the Government and Mr. Dailey, was formed where Mr.

Dailey would stipulate to some of the violations listed in the violation report (Fin. Hrg. Tr., p. 2-3), the Government would not present any additional evidence outside of the violation report, and both the Government and Mr. Dailey would recommend a 6-month incarceration sentence followed by a ten-year term of supervised release. Mr. Dailey would stipulate to everything except for Defendant must not commit another federal, state or local crime, must not communicate or interact with someone you know is engaged in criminal activity, and shall comply with all state and federal sex offender registration requirements.

Mr. Dailey admitted guilt to violation of standard and special conditions of the term of supervision without admitting guilt to any new crime, which led to a grade C violation. Mr. Dailey guidelines sentencing range was 6 to 12 months. (Fin. Hrg. Tr., p. 3). Mr. Dailey was sentenced to 12 months imprisonment with a 20-year supervised release. (Fin. Hrg. Tr., p. 10) (R. Doc. 103).

The district court stated as part of its rationale for the final sentence that "[y]ou are texting people between Daily and Mille talking about what I believe to be fen-phen. You're on WhatsApp and there's voicemails. You say it's not your voicemail, but we're talking about fen-phen -- not fen-phen -- fentanyl. I apologize. You're talking about

4

marijuana." (Fin. Hrg. Tr., p. 8). Both the Government and Mr. Dailey would recommend a 6-month incarceration sentence followed by a ten-year term of supervised release. (Fin. Hrg. Tr., p. 4-7). Mr. Dailey would stipulate to everything except for Defendant must not commit another federal, state or local crime, must not communicate or interact with someone you know is engaged in criminal activity, and shall comply with all state and federal sex offender registration requirements. (Fin. Hrg. Tr., p. 2-3).

Mr. Dailey admitted guilt to violation of standard and special conditions of the term of supervision without admitting guilt to any new crime, which led to a grade C violation. Mr. Dailey guidelines sentencing range was 6 to 12 months. Mr. Dailey was sentenced to 12 months imprisonment with a 20-year supervised release. (R. Doc. 103).

The district court further stated "[t]his officer is my representative in the field. She does everything I've asked her to do. I really like her. If you want to avoid coming to see me, you need to understand that she's my representative. She's just as good as being the judge, and if you want to stay away from me, you need to do everything she asks you to do." (Fin. Hrg. Tr., p. 8-9).

Finally, the district court further stated "[t]he only way you're going

5

to avoid that is if you treat this PO just like you treat me, and everything she says, you make sure that's the biggest priority in your life and you don't skip one sexual offender counseling." (Fin. Hrg. Tr., p. 8-9).

6

Appellate Case: 23-2355     Page: 10     Date Filed: 08/25/2023 Entry ID: 5310283

# SUMMARY OF THE ARGUMENT

The district court erred by imposing a substantively unreasonable supervised release sentence of 240 months, abusing its discretion and impartiality. At the Final Revocation Hearing the district court sentence was unreasonable as it failed to sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.

The district court violated procedure by citing actions that were not stipulated to, nor was Mr. Dailey afforded the opportunity to defend. The district court erred in taking into consideration the alleged crimes, to which were never substantiated. The district court stated as part of its rationale for the final sentence, the alleged fentanyl and marijuana communications. Mr. Dailey never stipulated to the allegations or the facts of the alleged fentanyl and marijuana communications. Mr. Dailey was never offered the opportunity to refute these allegations and they were never prosecuted by the Government. Finally, the district court seemed to account for the animosity between the Probation Officer and Mr. Dailey when making its decision.

7

## STANDARD OF REVIEW

Sentences are reviewed for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009). The Court reviews all sentences, whether within guidelines or not, for reasonableness. United States v. Denton, 434 F. 3d 1104, 1113 (8th Cir. 2006). District courts must adequately explain a defendant's sentence so that reviewing courts can evaluate the validity of the underlying rationale supporting the sentence. United States v. Lee, 897 F.3d 870, 874 (7th Cir. 2018). With respect to appellate review of the type and length of the sentence imposed upon revocation, "sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable." United States v. Smith, 949 F.3d 60, 66 (2d Cir. 2020).

# ARGUMENT

The district court abused its discretion and impartiality by imposing a substantively unreasonable supervised release sentence of 240 months where Mr. Dailey's supervised release, prior to the Revocation of Supervised release was 120 months and the violation to which Mr. Dailey admitted to were not new crimes and only amounted to a Grade C violation.

While it is within the district court's ability to modify conditions pursuant to 18 U.S.C. § 3583(e), and the amount modified was within the court's ability, pursuant to § 7B1.3. The Court abused its discretion and the Sentence should be vacated, because the sentencing was unreasonable when considering the 18 U.S.C. § 3553 factors and the U.S. Sentencing Guidelines Ch. 7 Pt. A. The Commission adopted an approach "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Ch. 7 Pt. A, p. 498.

When imposing a sentence, the court must consider the 18 U.S.C. § 3553 factors.

Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—
  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
    i. issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    ii. that, except as provided in section 3742(g), are in

10

effect on the date the defendant is sentenced; or
- (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—
- (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
- (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense. 18 U.S.C. Section 3553(a).

When considering the statutory sentencing factors as applied to Mr. Dailey, his sentence of 240 months of supervised release is unreasonable as Mr. Dailey did not stipulate to the facts of any new

11

crime and the Government declined to prosecute the alleged crimes. Additionally, Mr. Dailey believes that the unreasonable sentence of supervised release was caused due to the animosity between Mr. Dailey and the Probation Officer, as indicated by the statements from the district court "[t]his officer is my representative in the field. She does everything I've asked her to do. I really like her. If you want to avoid coming to see me, you need to understand that she's my representative. She's just as good as being the judge, and if you want to stay away from me, you need to do everything she asks you to do." (Fin. Hrg. Tr., p. 8-9). Similarly, the district court stated to Mr. Dailey, "[t]he only way you're going to avoid that is if you treat this PO just like you treat me, and everything she says, you make sure that's the biggest priority in your life and you don't skip one sexual offender counseling." (Fin. Hrg. Tr., p. 8-9). As such, the amount of supervised release was an unreasonable sanction for the stipulated violation of probation and must have had other improper or irrelevant factors that caused the unreasonable sentence.

"A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives

12

significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (internal citations omitted).

Additionally, Mr. Dailey argues the district court failed by improperly giving weight to the allegations of new crimes. The district court stated, "[y]ou are texting people between Daily and Mille talking about what I believe to be fen-phen. You're on WhatsApp and there's voicemails. You say it's not your voicemail, but we're talking about fen-phen -- not fen-phen -- fentanyl. I apologize. You're talking about marijuana." (Fin. Hrg. Tr., p. 8). Mr. Dailey did not stipulate to committing another federal, state or local crime (this includes any allegations of drugs). (Fin. Hrg. Tr., p. 2-3). Mr. Dailey's objected to the drug allegations at the Preliminary Revocation Hearing. The Government did not provide any further evidence to substantiate the allegations at the Final Revocation Hearing.

Finally, the district court committed procedural violations by not allowing Mr. Dailey to defend the unstipulated allegations that the district court used to determine Mr. Dailey's sentence.

13

# CONCLUSION

WHEREFORE, the sentence imposed was an abuse of discretion and should be vacated. The sentence imposed was unreasonable when only needing to sanction Mr. Dailey for the violations and not a new crime. Additionally, the district court violated procedure when considering the alleged drug allegations against Mr. Dailey that were never stipulated, prosecuted, or evidence provided, when determining Mr. Dailey's sentence.

Respectfully Submitted,

THE LAW OFFICE OF RONALD NGUYEN, LLC

By s/ Ronald Nguyen
Ronald Nguyen, #64058
4049 Pennsylvania Avenue
Suite 201
Kansas City, MO 64111
(816) 237-0808 Telephone
(816) 944-3449 Fax
Ron@RonNguyenLaw.com
ATTORNEY FOR DEFENDANT
HENRY DAILEY

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeset using Word 2010 in Century Schoolbook Font in font size 14.  This brief contains 2,541 words excluding the part of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), Fed. R. App. P. 32(f), and complies with Fed. R. App. P. 32(a)(7).

s/ Ronald Nguyen<br>
Ronald Nguyen

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August 2023, I filed this brief in the ECF system thereby sending it to all registered parties.

s/ Ronald Nguyen<br>
Ronald Nguyen